UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 22-CR-00263 (SRN/ECW) |
| **Plaintiff,** | |
| v. | ORDER ON MOTION FOR COMPASSIONATE RELEASE |
| Lamonte Edjuan Brown, | |
| **Defendant/Petitioner** | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101, for Plaintiff United States of America

Lamonte Edjuan Brown, Reg. No. 25642-510, FCI-Allenwood-Medium, P.O. Box 2000, White Deer, PA 17887, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Before the Court are three pro se motions filed by Defendant/Petitioner Lamonte Edjuan Brown: (1) Motion for Compassionate Release from Custody [Doc. No. 60] ("Compassionate Release Motion"); (2) Motion for Default Judgment [Doc. No. 67]; and Motion for Reconsideration [Doc. No. 68]. The Government opposes Mr. Brown's Compassionate Release Motion. (Gov't's Opp'n [Doc. No. 65]). Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies Mr. Brown's motions.

1

I.     BACKGROUND

In January 2023, Mr. Brown pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). (Plea Agmt. [Doc. No. 34].) As to the factual basis for his guilty plea, he admitted that in August 2022, he possessed a stolen semi-automatic pistol, manufactured outside of Minnesota. (*Id.* ¶ 2.) He also admitted that at that time, he knew he had been convicted of at least one offense punishable by a term of imprisonment exceeding one year, and knew he was prohibited from possessing a firearm. (*Id.*) Mr. Brown further agreed that he knowingly possessed the pistol, that he acted voluntarily, and that he knew his actions violated the law. (*Id.*)

The Court sentenced Mr. Brown to a 92-month term of imprisonment. (Sentencing J. [Doc. No. 52] at 2.) He is incarcerated at FCI-Allenwood, a medium security facility in White Deer, Pennsylvania, and has a projected release date of August 18, 2030. *See* Find an inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 1, 2025).

In the instant motion, Mr. Brown seeks compassionate release on several grounds. First, he attacks his sentence, arguing that he received an above-Guidelines sentence based on the Government's "assumption that Mr. Brown had brandished a gun, without any charges or evidence to support such basis." (Pet'r's Comp. Release Mot. at 9.) In addition, Mr. Brown references *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and the right to bear arms under the Second Amendment. (Pet'r's Comp. Release Mot. at 9.)

Second, Mr. Brown invokes Amendment 826 to the Sentencing Guidelines, which restricts the use of acquitted conduct as relevant conduct that is used to determine the guideline range at sentencing. (*Id.*)

Third, Mr. Brown cites his rehabilitation and the conditions of confinement at FCI-Allenwood. (*Id.* at 10–11.) He maintains that his disciplinary record reflects that he is not a danger to the community, he characterizes his offense as "non-violent," and he describes his conditions of confinement as "punitive."[1] (*Id.* at 10–15.)

In opposition, the Government urges the Court to deny Mr. Brown's Compassionate Release Motion, arguing that his attack on his sentence is not a proper basis for compassionate release, and his claims under *Bruen* and Amendment 826 likewise fail. (Gov't's Opp'n at 5–6.) In addition, the Government urges the Court to either find Guidelines § 1B1.13(b)(6) invalid, or, find Mr. Brown ineligible for relief on the merits, as his sentence is not unusually long, nor does he point to a change in the law showing a gross disparity between his sentence and the sentence he would receive if he were sentenced today. (*Id.* at 7–9.) Also, the Government contends that Mr. Brown's arguments concerning rehabilitation and prison conditions fail to provide bases for

---

[1] In his Compassionate Release Motion, Mr. Brown also seeks relief under Amendment 821 to the Sentencing Guidelines. (Pet'r's Comp. Release Mot. at 12.) As relevant here, Amendment 821 changed the calculation of criminal history scores for defendants who were under court supervision at the time they committed the offense of conviction. U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (effective Nov. 1, 2023). Relief based on Guideline amendments that apply retroactively is governed by 18 U.S.C. § 3582(c)(2), not compassionate release under § 3582(c)(1)(A). The Court will address the portion of Mr. Brown's motion that arises under Amendment 821 in a separate order.

3

compassionate release here. (*Id.* at 9–11.) Finally, the Government asserts that consideration of the sentencing factors under 18 U.S.C. § 3553 weighs against compassionate release. (*Id.* at 11–12.)

## II. DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission has provided guidance about compassionate release in the U.S. Sentencing Guidelines, § 1B1.13 (2025). It has identified certain extraordinary and compelling reasons for a sentence reduction, including: (1) the medical circumstances of the defendant; (2) the defendant's advanced age; (3) the defendant's family circumstances; or (4) the defendant being a victim of sexual abuse perpetrated by BOP staff. U.S.S.G. § 1B1.13(b)(1)–(4). In addition, a catch-all provision for "other reasons" permits courts to consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [noted above], are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).

4

A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).

### A. Administrative Exhaustion

As an initial matter, the Court finds that Mr. Brown has exhausted his administrative remedies, as required by law. *See* 18 U.S.C. § 3582(c)(1)(A). He sought relief from the warden of his facility on the same grounds that he raises here, and 30 days elapsed without a reply. (Ex. A to Pet'r's Comp. Release Mot. [Doc. No. 60-1].) His Motion for Compassionate Release is therefore ripe for the Court's consideration.

### B. Extraordinary and Compelling Reasons

Mr. Brown asserts that his reasons for compassionate release fall under the catch-all provision that applies to "any other circumstance or combination of circumstances" that "are similar in gravity" to the enumerated reasons for compassionate release. U.S.S.G. § 1B1.13(b)(5). The Court addresses Mr. Brown's identified reasons below.

#### 1. "Above Guidelines" Sentence

Mr. Brown argues that his 92-month sentence was "above his recommended Guidelines" based on the Government's alleged position that he had brandished a gun, "without any [supporting] charges or evidence." (Pet'r's Comp. Release Mot. at 9.) He contends that this constitutes an extraordinary and compelling reason for compassionate release. (*Id.*)

This argument is a challenge to the validity of his sentence. Mr. Brown could have raised this argument in a postconviction motion for relief under 28 U.S.C. § 2255, but failed to do so, and the one-year limitation period has since expired. 28 U.S.C. § 2255(f)(1). His "above-Guidelines" argument is not a proper basis for compassionate release. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) ("The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy," and direct appeal or motion to vacate, rather than motion for compassionate release, was proper means to challenge career offender designation); *see also Jones v. Hendrix*, 599 U.S. 465, 469–70, 477 (8th Cir. 2023) (prisoners may not use other statutes as an "end-run" around the restrictions on second or successive § 2255 motions).

Even if a compassionate release motion were a proper means of raising this claim, the facts here do not support relief. Mr. Brown's 92-month sentence was not "above his recommended Guidelines." (Pet'r's Comp. Release Mot. at 9.) To the contrary, 92 months was the *lowest* limit of his advisory imprisonment range. (Sentencing Tr. [Doc. No. 59] at 4.) Thus, even if a compassionate release motion were a proper means to challenge the validity of his sentence, Mr. Brown's argument fails on the facts.

For all of these reasons, Mr. Brown is not entitled to compassionate release on this basis.

### 2. Amendment 826 and *Bruen*

Mr. Brown points to Guidelines § 1B1.13(c)—Limitation on Changes in Law—in support of his argument that he has presented extraordinary and compelling reasons for

compassionate release. This provision of the Guidelines is related to § 1B1.13(b)(6), under which the Sentencing Commission has identified an "unusually long sentence" as a potentially extraordinary and compelling circumstance for compassionate release. The unusually-long-sentence provision applies to defendants who have served at least 10 years of their term of imprisonment, and for whom a change in the law would produce a gross disparity between the sentence imposed and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(6).

> With that context in mind, § 1B1.13(c) provides that
>
> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

Mr. Brown alludes to two potential "changes in the law": Amendment 826 and the Trump Administration's "devotion to restore the 2nd Amendment right-to-bear arms." (Pet'r's Comp. Release Mot. at 9) (citing *Bruen*, 597 U.S. at 10).

The Government asks the Court to stay this portion of Mr. Brown's claim for relief, arguing that the Eighth Circuit is presently considering the validity of § 1B1.13(b)(6) in two appeals. (Gov't's Opp'n at 6) (citing *United States v. Loggins*, No. 24-1488 (8th Cir. 2024); *United States v. Crandall*, No. 24-1569 (8th Cir. 2024)). Alternatively, the

7

Government requests that the Court declare § 1B1.13(b)(6) invalid, or, find Mr. Brown ineligible for relief under § 1B1.13(b)(6) on the merits. (*Id.* at 6–9.)

The Court declines to reserve its ruling here pending the Eighth Circuit's decisions in *Crandall* and *Loggins*. The Court notes that the Eighth Circuit has held those appeals in abeyance pending resolution of the same issue in two petitions pending before the U.S. Supreme Court, *Carter v. United States*, S. Ct. No. 24-860, and *Rutherford v. United States*, S. Ct. No. 24-820. Nor does the Court need to reach the question of whether § 1B1.13(b)(6) is invalid, because even assuming its validity, Mr. Brown is ineligible for relief on the merits. As a threshold matter, Mr. Brown has not served at least 10 years of his sentence, as required under § 1B1.13(b)(6), nor can he, as his sentence is less then 10 years. Moreover, his 92-month sentence is not "unusually long," as the Court sentenced him at the lowest end of the Guidelines applicable to his offense.

Turning to a change in the law, Amendment 826 modified Guidelines § 1B1.3(c), which addresses whether acquitted conduct may be considered relevant conduct for purposes of determining the applicable guideline sentencing range. This provision now states that "relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction." U.S.S.G. § 1B1.3(c).

Amendment 826 has not been made retroactively applicable to defendants seeking a reduction in sentence. *See* U.S.S.G. § 1B1.10 (listing amendments for which a reduction in sentence may apply retroactively, and not listing Amendment 826). The Sentencing Commission's policy statement provides that "an amendment to the Guidelines Manual

8

that has not been made retroactive [ ] shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).  While a non-retroactive change may not serve as an independent basis for relief, if a defendant *otherwise establishes* extraordinary and compelling reasons for a sentence reduction, courts may take into consideration a non-retroactive amendment, but only to determine the extent of any such reduction. *Id.* (emphasis added).  Here, however, Mr. Brown has not otherwise established that extraordinary and compelling reasons warrant a reduction in sentence.

*Bruen* provides no relief either, as that case did not affect the legality of the statute of Mr. Brown's conviction, 18 U.S.C. § 922(g)(1).  *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024) (upholding the constitutionality of § 922(g)(1)).  Accordingly, *Bruen* does not constitute a change in the law relevant to his conviction.

For all of these reasons, Mr. Brown meets none of the criteria for relief under Guidelines §§ 1B1.13(b)(6) and (c), and his motion is denied on this basis.

### 3. Rehabilitation and Prison Conditions

Mr. Brown also moves for compassionate release based on his rehabilitation and conditions in his prison.  (Pet'r's Comp. Release Mot. at 10.)  While Mr. Brown's rehabilitative efforts are commendable, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t).  Rehabilitation may be considered in combination with other circumstances to determine whether and to what extent a reduction is warranted, but the Court finds that no other circumstances warrant compassionate release here.

As to prison conditions, such conditions are not generally grounds for compassionate release. To the extent a prisoner seeks to challenge the conditions of confinement, compassionate release is not the proper means to do so. *United States v. Roberts*, No. 12-CR-196 (DWF/TNL), 2024 WL 4729084, at *2 (D. Minn. Nov. 8, 2024) ("While poor prison conditions may give rise to other legal remedies, poor prison conditions do not justify compassionate release.").

Accordingly, Mr. Brown is not entitled to compassionate release on either of these bases.

**C. Factors Under 18 U.S.C. § 3553(a)**

Pursuant to the Sentencing Commission's policy statement, a court may reduce a term of imprisonment for an eligible defendant only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a),[2] if applicable, and if the court determines that

---

[2] Pursuant to § 3553(a), and as relevant here, the sentencing court shall consider—

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

18 U.S.C. § 3553(a).

"the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

The Court finds consideration of the § 3553(a) factors does not weigh in favor of relief. Mr. Brown's sentence reflects the seriousness of his conduct. Although Mr. Brown characterizes his offense of conviction—felon in possession of a firearm—as "non-violent," (Pet'r's Comp. Release Mot. at 11), as the Court found at sentencing, he "brandish[ed] a loaded, stolen firearm at individuals that could easily have resulted in serious or fatal harm to them, and certainly terrorized them." (Sentencing Tr. at 17.) Mr. Brown's sentence appropriately provides just punishment for his dangerous conduct and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B).

For all of these reasons, the Court finds that Mr. Brown is not entitled to compassionate release and therefore denies his motion.

### D. Remaining Motions

Also before the Court are Mr. Brown's Motion for Default Judgment and Motion for Reconsideration. They are both denied. In Mr. Brown's Motion for Default Judgment, he reiterates arguments in support of compassionate release, focusing on his prison conditions, and lockdowns, in particular. (Pet'r's Mot. for Default J. at 1–4.) As noted earlier, such conditions fail to support a claim for compassionate release, nor do they support granting him "default judgment."

In Mr. Brown's Motion for Reconsideration, he requests a review of "the 922(g)(1) statute as applied to his current legal matter," and argues that it violates the Second and Fourteenth Amendments of the U.S. Constitution. (Pet'r's Mot. for Reconsid. at 1–6.)

11

This argument is not properly raised as a basis for compassionate release, for the reasons discussed earlier. Accordingly, these motions are denied.

## III. ORDER

Accordingly, based on the foregoing and on all the files, records, and proceedings herein it is **HEREBY ORDERED THAT**:

1. Defendant/Petitioner's Pro Se Motion for Compassionate Release from Custody [Doc. No. 60] is **DENIED**.

2. Defendant/Petitioner's Motion for Default Judgment [Doc. No. 67] is **DENIED**.

3. Defendant/Petitioner's Motion for Reconsideration [Doc. No. 68] is **DENIED**.

Dated: December 1, 2025               s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge